# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HOUSER, | No. 4:16-CV-01517 |
| Plaintiff. | (Judge Brann) |
| v. | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION

### OCTOBER 12, 2018

Defendant Norfolk Southern Railway Company moved for summary judgment on the complaint filed by Plaintiff Robert Houser. For the reasons that follow, Norfolk Southern's motion will be granted in part and denied in part.

## I. BACKGROUND

Mr. Houser worked as a railroad laborer for approximately 39 years.[1] His job was physically demanding, involving highly repetitive motions and the use of tools such as sledge hammers, spike pullers, and impact guns.[2]

---

[1] Expert Report of Colin Brigham (ECF No. 34-9) at 2.

[2] Deposition of Robert Houser (ECF No. 34-5) at 19-20; Expert Report of Colin Brigham at 2.

A few years ago, Mr. Houser was diagnosed with medical epicondylitis of the elbow.[3] Consequently, he filed a complaint[4] alleging that this condition was the result of his work for Norfolk Southern and seeking to recover for that injury under the Federal Employers' Liability Act ("FELA").[5] Norfolk Southern now moves for summary judgment on that complaint.[6]

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[8] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's

---

[3] April 14, 2017 Letter from John C. Sefter, D.O. to Voci R. Bennet (ECF No. 34-6).

[4] Plaintiff originally filed the complaint in the United States District Court for the Eastern District of Pennsylvania. However, on July 21, 2016, an Order was issued transferring the matter to the United States District Court for the Middle District of Pennsylvania by agreement of the parties.

[5] 45 U.S.C. § 51 *et seq.*

[6] ECF No. 31.

[7] Federal Rule of Civil Procedure 56(a).

[8] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986).

favor.[9] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[10]

### B. Whether a Jury Could Find that Mr. Houser's Injuries were Caused by His Work for Norfolk Southern

Norfolk Southern argues that Mr. Houser's experts are inadmissible under Federal Rule of Evidence 702 and that, without those experts' testimony, Mr. Houser has failed to produce evidence showing that his injury was caused by his work at the railroad.

FELA imposes liability when a railroad employee's injuries are caused "in whole or in part [by] the negligence of any of the [railroads'] officers, agents, or employees."[11] To survive Norfolk Southern's summary judgment motion on the issue of causation, Mr. Houser needs merely to show that the Norfolk Southern's "negligence played any part, even the slightest, in producing [his] injury . . . [; i]t does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute [the injury] to other causes . . . ."[12]

---

[9] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[11] 45 U.S.C. § 51.

[12] *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506 (1957); *see also Hines v. Consolidated Rail Corp.*, 926 F.2d 262, 268 (3d Cir. 1991) (noting that trial courts are justified in withdrawing this issue from the jury only "in those extremely rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of an employee").

Norfolk Southern first argues that Mr. Houser's medical expert is unqualified to opine on causation. The qualification test requires that "a witness proffered to testify to specialized knowledge must be an expert."[13] The United States Court of Appeals for the Third Circuit has interpreted this requirement liberally and held that "a broad range of knowledge, skills, and training qualify an expert as such."[14] Additionally, a trial court may not exclude an expert's testimony solely because the expert is not the "best qualified" or lacks the "specialization the court considers most appropriate."[15]

Here, Mr. Houser's medical expert, Dr. John C. Sefter, has been an orthopedic surgeon for nearly 30 years.[16] He is board certified and has been recertified twice throughout his career.[17] While he performs mostly spinal surgeries, he treats patients presenting with multiple types of injuries including injuries to arms, shoulders, and elbows.[18]

Dr. Sefter does not need to be an expert in railroads in order to offer his opinion about the cause of plaintiff's injuries. His training, certification, and experience are sufficient. His experience in diagnosing railroad workplace injuries

---

[13] *Paoli*, 35 F.3d at 741.

[14] *Id.*

[15] *Pineda*, 520 F.3d at 243 (citing *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996)).

[16] Deposition of John C. Sefter, D.O. (ECF No. 34-7) at 5.

[17] *Id.*

[18] *Id.*

is certainly open to cross examination at trial, and no doubt Mr. Houser could have located an expert who specializes in this area. These facts, however, do not make Dr. Sefter unqualified.

Norfolk Southern then argues that Dr. Sefter's methodology is unreliable. An expert's opinion is reliable under Rule 702 "if it is based on 'good grounds,' *i.e.* if it is based on the methods and procedures of science."[19] In determining whether an expert is reliable, a court must focus "solely on principles and methodology, not on the conclusions that they generate."[20] The grounds must be good, but do not need to be perfect, and an expert should be admitted even if "the judge thinks there are better grounds for some alternative conclusion, and even if the judge thinks that a scientist's methodology has some flaws such that if they had been corrected, the scientist would have reached a different result."[21] In other words, "[w]here there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge."[22]

---

[19] *Id.* at 744.

[20] *Daubert*, 509 U.S. at 595.

[21] *Paoli*, 35 F.3d at 744.

[22] *Breidor v. Sears, Roebuck and Co.*, 722 F.2d 1134, 1138-39 (3d Cir. 1983).

In this matter, Dr. Sefter diagnosed Mr. Houser after a fairly thorough exam.[23] He learned about Mr. Houser's work duties,[24] examined Mr. Houser's elbows multiple times, and reviewed x-rays.[25] Perhaps more importantly for present purposes, Dr. Sefter ordered Mr. Houser off work and observed the injuries improve as he remained off work.[26] While it may be argued that none of these methods individually would meet the standard of reliability, all of the methods together, in connection with Dr. Sefter's 30 years of medical experience, form a logical, reliable basis for his opinion.

It is true that Dr. Sefter also concluded that Mr. Houser's age and hobbies were a factor in the cause of his injury.[27] However, as noted above, an expert opinion that a railroad's negligence contributed in part to the employee's injury, however small, is all that is required.[28] Dr. Sefter's causation opinion, then, forms the necessary causal link at this stage of the proceedings.[29] Norfolk Southern, of course, remains free to cross-examine Dr. Sefter on his conclusions at trial.

---

[23] Deposition of John C. Sefter, D.O. at 8.

[24] *Id.* at 7-8.

[25] *Id.* at 7-12.

[26] *Id.* at 11-12.

[27] *Id.* at 19-20.

[28] *See Hines,* 926 F.2d at 268 ("a medical expert can testify that there was more than one potential cause of a plaintiff's condition").

[29] In its brief, Norfolk Southern also argued that the opinion of Mr. Houser's ergonomic expert was inadmissible under 702. Because Dr. Sefter's testimony, by itself, allows Mr. Houser's claim to survive summary judgment, this Court will not address this argument. Norfolk

## C. Defendant's Liability Prior to June 1, 1999

Norfolk Southern also argues that it is not liable for any negligence prior to its acquisition of the railroad from Conrail on June 1, 1999. In his Brief in Opposition, Mr. Houser misconstrues Norfolk Southern's position as arguing that he was not ever an employee of Norfolk Southern.[30]

Under FELA, only injuries sustained by an employee while employed by a railroad are recoverable. Section one of FELA states "[E]very common carrier by railroad... shall be liable in damages to any person *suffering injury while he is employed by such carrier*... for such injury or death resulting in whole or in part from the [carrier's] negligence."[31] Mr. Houser does not dispute this and does not claim he was an employee of Norfolk Southern prior to June 1, 1999.

Further, to the extent that Mr. Houser argues that Norfolk Southern is liable for negligence prior to June 1, 1999 as a successor, Amendment 2 of the Transaction Agreement between Norfolk Southern and Conrail, the former owner of the railroad system at issue, states that Conrail would remain liable for any

---

Southern may, however, file a *Daubert* motion at the proper time if it wishes to exclude the ergonomic expert's testimony from trial.

[30] Plaintiff's Brief in Opposition at 5.

[31] 45 U.S.C. § 51 (emphasis added); *Norfolk & Western RR Co. v. Ayers*, 538 U.S. 135, 144-45 (2003).

FELA claims arising from incidents occurring prior to June 1, 1999.[32] Further, if a FELA claim arose from incidents occurring both before and after June 1, 1999, Conrail would remain liable for the portion of the claim arising before June 1, 1999.[33] Therefore, Norfolk Southern is not liable for the FELA claims resulting from negligence prior to June 1, 1999.[34] Thus, summary judgement on the issue of Norfolk's liability prior to June 1, 1999 will be granted.

## III. CONCLUSION

For the reasons discussed above, Norfolk Southern's Motion for Summary Judgment will be granted in part and denied in part. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[32] June 10, 1997 Transaction Agreement (ECF No. 38-1) at Amendment 2.

[33] *Id.*

[34] *See Prontis v. Norfolk Southern R. Co.*, No. 2015-CV-4308 (Lackawanna Co. Mar. 24, 2017) (holding Norfolk Southern was not subject to successor liability).